UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL PETERSON,

      Petitioner,

v.                                                          Case No. 3:14cv104/RV/CJK

JULIE L. JONES,[1]

      Respondent.
_____/

ORDER AND
REPORT AND RECOMMENDATION

     Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent moves to dismiss the petition as time-barred (doc. 16), providing relevant portions of the state court record (doc. 17).  Petitioner has not responded to the motion.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court, as well as

---

[1]Julie L. Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed. R. Civ. P. 25(d).

relevant legal authority, demonstrate that the petition is <u>not</u> time-barred and that respondent's motion to dismiss should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On June 16, 2011, petitioner entered a counseled guilty plea in Santa Rosa County Circuit Court Case Nos. 11-CF-238, 10-CF-1320, 10-CF- 1391, 10-CF-1392 and 10-CF-1390, to two counts of burglary of an occupied or unoccupied dwelling or structure causing damage in excess of $1,000, and five counts of grand theft ($300 or more but less than $5,000) causing damage to property over $1,000. (Doc. 17, Ex. A).[2]  Petitioner was adjudicated guilty and sentenced to concurrent terms of twenty years imprisonment on each count. (Ex. B). Judgment was rendered July 26, 2011. (Ex. B). Petitioner did not take a direct appeal. (Doc. 1, p. 1).

On July 18, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. C). On April 10, 2013, the state circuit court struck the motion as facially insufficient with leave to amend. (Ex. D). Petitioner filed an amended motion on May 9, 2013. (Ex. E). The state circuit court denied relief without an evidentiary hearing. (Ex. F). The Florida First District Court of Appeal ("First DCA") summarily affirmed on December 30, 2013, per curiam and without a written opinion. *Peterson v. State*, 129 So. 3d 1072 (Fla. 1st DCA 2013) (Table) (copy at Ex. I). The mandate issued January 27, 2014. (Ex. J).

Petitioner filed his federal habeas petition in this court on February 28, 2014. (Doc. 1). Respondent asserts the petition is untimely and should be dismissed. (Doc. 16).

---

[2]All references to exhibits will be to those provided at Doc. 17, unless otherwise noted.

DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction

became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction.  Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on August 25, 2011, which is 30 days after rendition of the July 26, 2011 judgment.  *See* Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* Fla. R. App. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011); *see also Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653-54, 656, 181 L. Ed. 2d 619 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the Supreme Court of the United States).

The limitations period began to run on August 26, 2011, the day after petitioner's judgment became final.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to

calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).  The limitations period expired one year later, on August 27, 2012, absent tolling.[3]

Petitioner allowed 327 days of the limitations period to lapse before filing his initial Rule 3.850 motion on July 18, 2012.  (Ex. C).  In an order rendered April 10, 2013, the circuit court struck the motion with leave to amend, citing *Spera v. State*, 971 So. 2d 754 (Fla. 2007), and *Nelson v. State*, 977 So. 2d 710 (Fla. 1st DCA 2008).  The court provided petitioner thirty (30) days from rendition of its order to file an amended motion (Ex. D).  Petitioner filed an amended Rule 3.850 motion on May 9, 2013, within the 30-day window.  (Ex. E).

Respondent argues petitioner's initial Rule 3.850 motion ceased to be "pending" for purposes of § 2244(d)(2), on April 10, 2013, when the state circuit court rendered its order striking the motion with leave to amend.  (Doc. 16, pp. 4-5).  Stated another way, respondent asserts petitioner does not qualify for statutory tolling during the 29 days between the state circuit court's order striking petitioner's initial motion (on April 10, 2013) and petitioner's timely filing his amended motion (on May 9, 2013), because there was nothing "pending" in the state court between those dates.  (Doc. 16, pp. 4-5).  Respondent relies on *Moore v. Crosby*, 321 F.2d 1377 (11th Cir. 2003), and *Smith v. Buss*, No. 3:09cv278/MCR/EMT, 2011 WL 818157, at *6 (N.D. Fla. Feb. 4, 2011), to support her argument. The timeliness of petitioner's

---

[3]August 26, 2012, was a Sunday.

habeas petition turns on this issue.

Respondent's interpretation of the word "pending" is too narrow.  In *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), the Supreme Court rejected a similarly narrow reading of "pending."  There, the State of California urged the Supreme Court to establish a "uniform national rule" to the effect that an application for state collateral review is not "pending" in the state court during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court.  The State of California's theory was that, during this period of time the petition is not under court consideration. *Carey*, 536 U.S. at 219.  The Supreme Court rejected this argument:

> California's reading of the word "pending," however, is not consistent with that word's ordinary meaning.  The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided."  Webster's Third New International Dictionary 1669 (1993).  It similarly defines the term (when used as a preposition) as "through the period of continuance . . . of," "until the . . . completion of." *Ibid*.  That definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance" – *i.e.*, "until the completion of" that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

*Id.*, at 219-220.  The Court concluded that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court.  *Id.* at 219-21.  A state postconviction application is thus "pending" under § 2244(d)(2), "both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level." *Wade v. Battle*, 379 F.3d 1254, 1262 (11th

Cir. 2004).  The Supreme Court reaffirmed in *Evans v. Chavis*, 546 U.S. 189, 126 S.
Ct. 846, 163 L. Ed. 2d 684 (2006), that "[t]he time that an application for state
postconviction review is 'pending' includes the period between (1) a lower court's
adverse determination, and (2) the prisoner's filing of a notice of appeal, provided
that the filing of the notice of appeal is timely under state law."  546 U.S. at 191
(*citing Carey*, 536 U.S. at 219-20).

Respondent's argument that petitioner's application for postconviction relief
was not "pending" between April 10, 2013, and May 9, 2013, is inconsistent with the
ordinary meaning of "pending", and is also inconsistent with the procedure
established by the Florida Supreme Court for processing facially or legally
insufficient initial Rule 3.850 motions – the *Spera* procedure – which is the procedure
the state court applied to petitioner's initial Rule 3.850 motion.  *See Spera v. State,*
*supra*.  The First DCA described (and further clarified) the *Spera* procedure in *Nelson*
*v. State, supra*, as follows:

> The procedure articulated in *Spera* allows a defendant an
> opportunity to amend facially insufficient postconviction claims unless
> the claims cannot be corrected.  *See id.* at 755, 761; *see also Prevost v.*
> *State*, 972 So. 2d 274 (Fla. 1st DCA 2008) (holding that *Spera* allows
> the defendant one opportunity to cure the deficient claims within 30
> days, and if no amendment is filed within the allowed time, claims may
> be denied with prejudice).  *Spera*'s procedure applies uniformly to all
> insufficiently pled postconviction claims whether determined to be
> legally or facially *insufficient*.  *Spera*, 971 So. 2d at 761.  The trial court
> has discretion in determining the length of the defendant's leave to
> amend and *Spera* suggested thirty days would be reasonable.  *Id.*
> Although a trial court in its discretion may grant more than one
> opportunity to amend an insufficient claim, *Spera* does not mandate
> repeated opportunities. . . .

Finally, based upon *Spera* and *Nelson v. State*, 875 So. 2d 579, 584 (Fla. 2004), <u>once the window of opportunity to amend expires and the defendant is unable or unwilling to cure the deficiency, the insufficient claim may be denied with prejudice.</u>

The trial court, upon receipt of a rule 3.850 motion, <u>but prior to ruling on the merits of the entire motion</u>, should review the motion to determine whether any claims are facially or legally insufficient.  If any claims are insufficient, the trial court should strike the motion with leave to amend the insufficient claims unless the deficiencies cannot be cured. Should the defendant decline to amend, the defendant may move the trial court <u>to enter a final order of disposition on the motion</u>.

*Nelson*, 977 So. 2d at 711-12 (emphasis by underscoring added).  The emphasized language indicates that Florida's "state collateral review process is 'in continuance,'" *Carey*, 536 U.S. at 219-20, and is not complete, until the court issues a final disposition of the motion.  *Nelson*, 977 So. 2d at 712; *see also Russell v. State*, 46 So. 3d 151, 152 (Fla. 2d DCA 2010) (holding that state circuit court's order dismissing facially insufficient postconviction motion without prejudice was not a final appealable order); *Christner v. State*, 984 So. 2d 561, 562-63 (Fla. 2d DCA 2008) (holding that state circuit court's order striking defendant's motion to reinstate initial postconviction motion, which had been dismissed as facially insufficient but without prejudice to the filing of an amended motion, was an interim order relating to a still-pending original postconviction proceeding; indicating that when a circuit court issues an order striking a postconviction motion (or claim) as facially insufficient with leave to amend within a specified time, the circuit court has not "complete[d] its work" on the motion and must enter a final order disposing of the motion if the prisoner does not avail himself of the opportunity to amend); *Howard v. State*, 976 So. 2d 635 (Fla. 5th DCA 2008) (holding that circuit court's order denying postconviction motion without prejudice to amend any claims found to be

"insufficient" was not a final order); *Lee v. State*, 939 So. 2d 154, 155 (Fla. 1st DCA 2006) (holding that circuit court's order finding defendant's claims in initial Rule 3.850 motion facially insufficient and dismissing motion without prejudice to refile was "a nonappealable, nonfinal order"); *accord S.L.T. Warehouse Co. v. Webb*, 304 So.2d 97, 99 (Fla. 1974) (articulating Florida's general test of finality as: "whether the order in question constitutes the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.").

Respondent's interpretation of the effect of the circuit court's order invoking the *Spera* and *Nelson* procedures would also run counter to the purpose of those procedures. As the Florida Second District Court of Appeal explained in *Lawrence v. State*, 987 So. 2d 157 (Fla. 2nd DCA 2008):

> Instead of permitting defendants to file multiple motions that are denied or dismissed without reaching the merits, each of which results in a separate appeal, the goal of *Spera* is to limit most defendants to a single postconviction proceeding under rule 3.850. By giving the defendant the opportunity to amend prior to the entry of a final order, the final order can be a disposition on the merits for all claims that were or could have been raised in that motion, thereby limiting most defendants to one appeal and to the right to a successive motion only in extraordinary cases.

*Id*. at 158-59.

Respondent's reliance on *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003), is misplaced, as the dispositive issue in this case is distinguishable from the issue resolved by the Eleventh Circuit in *Moore*. In *Moore*, a Florida prisoner's properly filed state postconviction application was denied and his time to appeal expired. The prisoner later filed a motion for belated appeal, which was granted. The Eleventh Circuit held that "[i]t is clear that tolling continues under section 2244(d)(2) while the

petitioner appeals the denial of a state application in state court." *Id*. at 1380 (*citing Carey*, 536 U.S. at 214). The court went on to consider "what effect the granting of a motion for belated appeal from the denial of a timely state [postconviction] application would have on calculating how long that state [postconviction] application was pending under section 2244(d)(2)." *Id*. Adopting the analysis of the Fifth Circuit in *Melancon v. Kaylo*, 259 F. 3d 401 (5th Cir. 2001), the Eleventh Circuit held that a state postconviction application ceases to be pending when the appeal period expires, because at that point the petitioner is not entitled to further appellate review. *Id*. at 1380-81. The court went on to hold that a subsequent "properly filed" motion for belated appeal may entitle the petitioner to additional tolling beginning at the time of the proper filing of that motion, but only if the motion for belated appeal is filed before the federal habeas limitations period expires. *Id*. at 1381.

The instant case is distinguishable from *Moore*, because under Florida law petitioner was entitled to further review of his application for postconviction relief in the state circuit court so long as he filed an amended motion (or a motion for a final order of disposition of his initial motion) by the deadline established by the court, which is what petitioner did. *See Russell*, 46 So. 3d at 152; *Christner*, 984 So. 2d at 562-63; *Nelson*, 977 So. 2d at 711-12; *Lee*, 939 So. 2d at 155.

The court has also considered respondent's second supporting authority – this court's decision in *Smith v. Buss*, No. 3:09cv278/MCR/EMT, 2011 WL 818157 (N.D. Fla. Feb. 4, 2011), *Report and Recommendation adopted*, 2011 WL 810017 (Feb. 28, 2011). The court does not consider *Smith* binding precedent or persuasive authority for several reasons, including that the court's acceptance of the State's statutory tolling calculation was without discussion of, or citation to, any legal authority, and

was not dispositive of the timeliness question.  *Id.* at *6.[4]  The court <u>does</u> find persuasive this court's recent decision in *Barry v. Crews*, No. 5:14cv20/RS/EMT, 2014 WL 6909410, at *3-*5 (N.D. Fla. Dec. 9, 2014), issued subsequent to *Smith*, where the court expressly rejected the precise argument respondent makes here (an argument dispositive of the timeliness issue) after conducting a thorough analysis of the relevant federal and state law.[5]

In light of the foregoing analysis of relevant federal and state law, the undersigned cannot accept the dispositive legal premise underlying respondent's statute of limitations defense – that petitioner's Rule 3.850 proceeding reached "final resolution," *Carey*, 536 U.S. at 220, and was no longer pending, when the circuit court issued its April 10, 2013 order invoking the *Spera* and *Nelson* procedure and striking petitioner's initial motion with leave to amend within thirty days or request a final order of disposition.  Given petitioner's timely amendment, the state circuit court's order striking petitioner's initial Rule 3.850 motion did not end the proceeding in the circuit court.

Petitioner's Rule 3.850 motion was "pending," for purposes of statutory tolling, from July 18, 2012 (the date petitioner's initial motion was filed), until January 27,

---

[4]Similarly, the court does not consider persuasive other district court decisions blindly relying on *Smith* without discussion.  The timeliness issue in *Smith* turned on additional claims that would not have been timely even if statutory tolling applied to the period intervening the state court's striking the initial motion and the filing of an amended motion.

[5]The undersigned has due regard, and more, for the operation of the adversary process.  The fact that the petitioner here has not responded to respondent's motion to dismiss, however, is secondary to the more important considerations that the statutory tolling issue is dispositive in this case, involves a purely legal question, and is one respondent bears the burden of establishing in order to prevail on her affirmative defense.  Were the undersigned to recommend dismissal upon a theory of waiver or default by petitioner, an incorrect proposition of law would either be established or perpetuated.

2014 (the date the First DCA issued the mandate on appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction motion is "pending" under Florida procedure – and consequently tolls the limitation period – until the appellate court's issuance of the mandate on appeal). The limitations period began running once more on January 28, 2014, and expired 38 days later on March 6, 2014. Petitioner's federal habeas petition, filed on February 28, 2014, is timely.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 16) be DENIED.

2. That if the District Judge adopts this Report and Recommendation, respondent be directed to file an answer to petitioner's habeas corpus petition within thirty (30) days from the docketing date of the adopting order.

At Pensacola, Florida this 10th day of February, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).